# IN THE COURT OF APPEALS OF IOWA

No. 23-0790
Filed July 26, 2023

**IN THE INTEREST OF A.T., S.B., and A.W.,**
**Minor Children,**

**A.B., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachel E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Nicole Garbis Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

The mother has three children: A.T. (born 2005), A.W. (born 2015), and S.B. (born 2019). After the mother pled guilty to sexually exploiting and producing child pornography of A.T., the juvenile court terminated her parental rights to all three children. She appeals the termination of her rights only as to A.W. and S.B.

The children came to the attention of the Iowa Department of Health and Human Services (HHS) most recently because one of the children described ongoing sexual abuse perpetrated by the mother and her stepfather and because the parents were reported to be using methamphetamine. The two older children had both been the subject of child-in-need-of-assistance (CINA) petitions, and the family had been involved with HHS on multiple occasions. The mother admitted to using drugs throughout her pregnancy with A.W., who was born with marijuana in her system. The mother and one of the children's fathers also repeatedly tested positive for methamphetamine and marijuana.

In February 2022, an HHS investigation found that one of the children's fathers had performed sex acts on the oldest child, who was approximately sixteen at the time. The investigation also found the mother had taken nude photos of the child and offered to pay the child $80 cash to perform sex acts with the abuser and allow them to be recorded. There were credible reports that the mother was again using methamphetamine and offered both methamphetamine and alcohol to the abused child. The juvenile court credited the child's description of the abuse, noting she "provided specific details regarding the incidents," including that the mother was masturbating while watching video of the child being sexually abused and that the mother threatened to cut off contact between the child and her siblings

if she did not comply. HHS founded multiple counts of child abuse in relation to these reports. The oldest child was safety-planned to her maternal grandmother, formal removal proceedings were initiated, and the mother and abusive father were soon indicted by the federal government.

The children were all formally removed from the home in March 2022 following an uncontested removal hearing. When the mother was ordered to complete drug testing in this timeframe, she indicated that she did not know if her drug screen would be "clean or dirty" for methamphetamine. The children were all adjudicated CINAs in an uncontested hearing in April 2022, and those records are before us by stipulation.

The mother pled guilty in federal court to one count of sexual exploitation of a child and one count of production of child pornography. The mother was sentenced to forty-five years in prison and is expected to serve at least 85% of that sentence. A criminal no-contact order was entered between the mother and the children.

At the termination hearing, the mother expressed that she wanted to maintain some degree of parental relationship with the younger children, even while incarcerated. The juvenile court found that the mother "continued to minimize her behaviors and the impact of her decisions of the children." The juvenile court also expressed concern that the mother continued to deny causing any harm, including emotional harm, to the younger children; the court "found such a belie[f] was inconsistent with the abuse [the mother] has inflicted on her children."

The State, HHS, and the guardian ad litem all recommended termination for all three children. The HHS worker opined, and the juvenile court agreed, that "the

best way to protect these children from future harm would be to sever [the m]other's legal rights."

The mother appeals, challenging the evidence supporting the statutory elements for termination, whether termination is in the best interests of the children, and whether a permissive exception should apply for termination of her rights to the two youngest children. She does not contest termination of her rights to the oldest child. We review de novo. *See In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021) (describing the three-part process to analyze termination of parental rights and applying de novo review).

First, as to the statutory elements, *see* Iowa Code § 232.116(1) (2023), the State contends error was not preserved. As we have noted before, there is tension in our case law regarding whether the normal rules of error preservation apply in this context. *See In re G.G.*, No. 22-1347, 2023 WL 152483, at *2 (Iowa Ct. App. Jan. 11, 2023) (collecting cases). We need not resolve that tension here because the mother's rights were terminated on multiple statutory grounds for both of the younger children, and she leaves at least one ground unchallenged for each child on appeal, so we can and do summarily conclude there is clear and convincing evidence for termination under those unchallenged grounds. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

Second, as to best interests of the children, *see* Iowa Code § 232.116(2), we agree with the juvenile court that termination is in the children's best interests. The mother has been convicted of felony counts for sexually exploiting one of her children and producing child pornography of the same. The mother's persistent marijuana and methamphetamine abuse reinforces that she presents an ongoing

danger to the children. Last, the mother will be incarcerated for decades. Particularly given the deference we owe the juvenile court's findings that any future contact would be detrimental to the children, we find termination is in their best interests.

Third, we decline to apply any permissive exceptions to termination. *See* Iowa Code § 232.116(3). The mother bears the burden to convince us to apply an exception. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The mother emphasizes the relative-custody and bond exceptions. *See* Iowa Code § 232.116(3)(a), (c). To the extent the relative-custody exception could be invoked for any of the children, we find the best interests of the children dictate termination for the reasons relied on by the juvenile court and adopted by our opinion on appeal. We agree with the juvenile court on this conclusion "[a]fter considering [the m]other's egregious abuse of her children, her continued lack of insight, the length of time she has already been provided services, [and] the ongoing criminal No Contact Order." As to the bond exception, we find the record lacks "clear and convincing evidence that the termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c*)*. We conclude any bond the mother may have with the children pales in comparison to the factors supporting termination.

**AFFIRMED.**